UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

RICHARD THORNTON                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 4:06CV-46-M

COMMONWEALTH OF KENTUCKY *et al.*                                  DEFENDANTS

<u>MEMORANDUM OPINION</u>

Plaintiff Richard Thornton filed a *pro se* complaint against various Defendants alleging

constitutional violations flowing from a purportedly illegal search.  Because Plaintiff is

proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C.

§ 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon

review, this Court must dismiss a case at any time if the Court determines that the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  § 1915(e)(2)(B).  For the reasons that

follow, the instant action will be dismissed.

I. <u>SUMMARY OF CLAIMS</u>

Plaintiff names the following ten Defendants:  the Commonwealth of Kentucky;

Kentucky Governor Ernie Fletcher; Kentucky State Police Officer Ron Basham; Tom Lively of

the Breckinridge County Circuit Court; Bruce Butler, attorney; Thomas Brite, attorney;

Breckinridge County Sheriff Todd Pate; the Breckinridge County Jail; and Jane and John Doe.

Plaintiff fails to specify the capacity in which he sues Defendants.  He asserts that the complaint

"involves a controversy between citizens and entities of different States, and deals with civil

rights and constitutional issues in dispute."

According to the complaint, on February 1, 2005, Plaintiff was "wrongfully searched on private property" by Defendant Trooper Basham.  After the search, Plaintiff was given a uniform citation.  Plaintiff contends that Trooper Basham "did not have probable cause to search him, therefore under the United States Constitution it is an unconstitutional act and as consequence all evidence and information gathered are inadmissible to Court for criminal trial."  Plaintiff claims that during 2005, Defendant Governor Fletcher "encourage[d] State Officers to ticket for seat belt violation (fleece people for money); however an officer in Kentucky can not stop a person for not wearing a seat belt alone, he must have [] another reason to stop a person."

On February 22, 2005, Plaintiff invoked the right to counsel, but Defendants Attorney Butler and Trooper Basham spoke with Plaintiff anyway.  Plaintiff contends that Trooper Basham admitted that he did not remember why he stopped Plaintiff.  Also on February 22, 2005, Plaintiff "submitted proof of compliance with the law, and moved to dismiss the charges and the charges have yet to date to be dismissed."

On April 12, 2005, a bench warrant was issued for Plaintiff.  Despite filing an affidavit on April 13, 2005, with the Breckinridge District Court advising why he was not present on the preceding day, Plaintiff was arrested on May 19, 2005.  Bail was set at $500, and "he was taken to jail in a hurry even though he arranged bail to be paid."  Additionally, claims Plaintiff, "[his] rights were violated at the Jail as he was denied the right to contact counsel as many other[s] were that day, thus his mother showed up hours lat[]er posting bail at the jail."

On July 29, 2005, a second bench warrant was issued for Plaintiff, and on September 6, 2005, "he was arrested in Court, bail was set at $1,000 and [he] made arrangements to post bail, but again was taken to jail; because the sheriff officers did not want to sit with the prisoners . . .

2

w[h]ile bail was posted."  Plaintiff claims that it is "cruel and excessive punishment" that a person should be jailed over such a minor traffic violation.

According to Plaintiff, Defendant Attorneys Butler and Brite "have been improperly involved in this traffic matter before the Courts, and [Plaintiff] litigated them for malpractice, further they represent a crooked bank, [Plaintiff] is Divorcing (wants them out of his life), further they are attempting to get [Plaintiff] imprisoned over this matter, and history shows that anyone who fight[s] the Farmers Bank ends up in jail or dead."

Plaintiff further reports that he "is a member of the Democrat party, heavily involved in politics, a member of the Democratic Congressional Campaign Committee and the primary defendants are Republican that hate Democrats and Democrats hate them, and the Defendants are targeting Democrats to destroy them."

Plaintiff broadly alleges that he has been subjected to harassment by the Breckinridge Courts and by law officers, that he is being judicially abused, that Defendants are in violation of trade and commerce law, and that he is entitled to a quick and speedy trial.  He reports losing at least $2,500 in income due to being repeatedly called into court on the traffic violation dispute. Further, Plaintiff asserts that Defendants (1) conspired "to place undue burdens on the Plaintiff, cause problems, including medical problems and unneeded stress"; (2) have or are trying to destroy his name, business, career, and political career out of vengeance and spite; (3) caused emotional and mental distress; (4) and abused their positions to violate Plaintiff's rights.  He thus seeks monetary and punitive damages as well as a declaration that Defendants' actions are "improper and Un-Constitutional," and various orders for injunctive relief.  Particularly, he seeks an order directing the Breckinridge Courts to dismiss the criminal charges against him, an order

3

directing the Breckinridge County Judges to disqualify themselves and turn the matter over to the Chief Judge of the Green River District, and an order directing Defendants to apologize to Plaintiff for their abuse.

## II. ANALYSIS

As a preliminary matter, the Court must ascertain whether Plaintiff has set forth this Court's subject matter jurisdiction. *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998) ("The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue."). Plaintiff asserts that the complaint "involves a controversy between citizens and entities of different States, and deals with civil rights and constitutional issues in dispute."

In alleging "a controversy between citizens and entities of different States," Plaintiff appears to be attempting to invoke jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. Under that statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." § 1332. While it appears that Plaintiff is diverse in citizenship with Defendants,[1] Plaintiff has wholly failed to allege the requisite amount in controversy. The only amount of damages specifically pled is $2,500 in lost income due to being repeatedly called into court on the traffic-violation dispute. Consequently, Plaintiff has not established this Court's jurisdiction under § 1332.

---

[1]Plaintiff lists his address as Indiana and lists the Defendants' addresses as Kentucky.

4

Because Plaintiff also alleges a violation of his federal constitutional rights, the Court finds that its jurisdiction is founded upon 28 U.S.C. § 1331, the federal-question statute. The Court also construes the action as one arising under 42 U.S.C. § 1983. Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. John and Jane Does**

In the caption, Plaintiff lists John Doe and Jane Doe as Defendants. The only other time they are mentioned in the complaint is in the parties' section, where Plaintiff indicates that Jane and John Doe are "unknown, but [] do[ing] business with citizens of the United States under Federal and State regulations, rules and laws, and is subject to them" and that they "have submitted to the jurisdiction of this Court as [] a citizen of the United States, subject to Federal law and to the Courts of the United States." Plaintiff fails to offer any facts in relation to the Jane and John Doe Defendants. There is, thus, simply no indication that those Defendants are state actors. For this reason, Plaintiff has failed to set forth a cognizable § 1983 claim (or any claim for that matter) against the Doe Defendants, necessitating their dismissal from this action.

**B. Thomas Brite**

In the parties' section of the complaint, Plaintiff identifies Defendant Brite as "engaged in the business of law, an attorney in Kentucky, and does personal business with citizens of the

United States . . . [and] is Bruce Butlers'[2] partner in a law office, doing work for the Commonwealth of Kentucky."  Plaintiff also mentions Brite only once in the statement-of-facts section of the complaint.  Therein, he advises,

> Bruce Butler and Thomas Brite have been improper involved in this traffic matter before the Courts, and [Plaintiff] litigated them for malpractice, further they represent a crooked bank, [Plaintiff] is Divorcing (wants them out of his life), further they are attempting to get [Plaintiff] imprisoned over this matter, and history shows that anyone who fight[s] the Farmers Bank ends up in jail or dead.[3]

It is unclear whether Defendant Brite is a state actor.  If he is not a state actor, then the claims against him must be dismissed for that reason.  If he is a state actor, then the claims against him must be dismissed for the reasons discussed more fully below.  *See infra* § II.D.2.

### C.  <u>Commonwealth of Kentucky</u>

The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity.  *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978).  Kentucky has not waived its immunity in this action, and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991)

---

[2]The Court takes judicial notice that Defendant Bruce Butler is the current Circuit Judge of Breckinridge, Grayson, and Meade counties.  *See* Kentucky Court of Justice website at http://apps.kycourts.net/ContactList/Addresslist.aspx?County=breckinridge.  Butler was previously the Breckinridge County Attorney and appears to have been in that position during the time period in question in Plaintiff's complaint.

[3]According to Plaintiff's complaint in a prior action against Brite, *see* Civil Action No. 3:05CV-150-H, Brite "works for hire as an attorney in Hardinsburg, Kentucky for the public and the Farmers Bank, doing business in the Commonwealth of Kentucky."

(citing *Quern v. Jordan*, 440 U.S. 332 (1979)).  Thus, the claims against the Commonwealth of

Kentucky are barred by the Eleventh Amendment and must be dismissed.

### D.  Remaining Defendants

The remaining Defendants are employed either by the Commonwealth of Kentucky or by

Breckinridge County.  Plaintiff fails to specify in which capacity he sues these Defendants.  It is

Plaintiff's affirmative duty, however, to plead the capacity in which he is suing Defendants.

*Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989).  "When a § 1983 plaintiff fails to

affirmatively plead capacity in the complaint, we then look to the course of proceedings" to

ascertain whether defendants have been notified of the potential for individual liability.  *Moore*

*v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001).  In the present case, the complaint is

devoid of any indication that Defendants have been sued in their individual capacities.  Although

"subsequent filings in a case may rectify deficiencies in the initial pleadings," *id.* at 774, there is

no indication in Plaintiff's subsequent filings that Defendants are being sued in their individual

capacities.  Absent indication to the contrary, the Court must presume Defendants are being sued

in their official capacities.  *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

### 1.  County Defendants

If an action is brought against an official of a governmental entity in his "official

capacity," the suit should be construed as brought against the governmental entity.  *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.

1994).  Therefore, in the case at bar, Plaintiff's official capacity claims against Breckinridge

County Sheriff Pate are actually brought against Breckinridge County.  Similarly, as the

Breckinridge County Jail is not an entity subject to suit, *Matthews*, 35 F.3d at 1049, the claims

against the jail must also be brought against Breckinridge County as the real party in interest.  *Id.* (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Watson v. Gill*, 40 Fed. Appx. 88, 88 (6th Cir. 2002); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).  A plaintiff seeking to hold a municipality liable under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).  "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."  *Id.* at 403-04.  "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."  *Id.* at 404.

"Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Cherrington*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. He merely complains that following his arrest on May 19, 2005, he was taken to jail in a hurry even though he had arranged bail to be paid and that while at the jail, he was denied the right to contact counsel for a few hours until his mother picked him up. Months later on September 6, 2005, Plaintiff was taken to jail after having made arrangements to post bail "because the sheriff officers did not want to sit with the prisoners (others under the same) wile bail was posted." These allegations do not suggest a policy or custom on the part of Breckinridge County, and Plaintiff fails to allege that Sheriff Pate or any other policymaking official even knew of the alleged incidents. Plaintiff wholly fails to

9

show a direct causal link between any municipal action and the deprivation of any federal right. And, "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

As nothing in the complaint demonstrates that the alleged injuries to Plaintiff resulted from the application or endorsement of any Breckinridge County policy or custom, *see Bennett v. City of Eastpointe*, 410 F.3d 810, 819 (6th Cir. 2005) ("The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue."), the complaint fails to establish a basis of liability against Breckinridge County and therefore fails to state a cognizable § 1983 claim.

### 2. **State defendants**

Governor Fletcher, State Police Officer Basham, Breckinridge Circuit Court Judge Lively,[4] and former Breckinridge County Attorney Butler[5] are employed by or agents on behalf of the Commonwealth of Kentucky.

---

[4]*See* KY. CONST. § 109 ("The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, a trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court. The court shall constitute a unified judicial system for operation and administration.  The impeachment powers of the General Assembly shall remain inviolate."); KY. CONST. § 120 ("All justices and judges shall be paid adequate compensation which shall be fixed by the General Assembly.  All compensation and necessary expenses of the Court of Justice shall be paid out of the State Treasury."); *see also Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

[5]*See Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir.1993) (holding that a municipal prosecutor acts as an arm of the state in prosecuting or declining to prosecute state criminal offenses); *Boone v. Kentucky*, 72 Fed. Appx. 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the [county] prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Rogers v. Hill*, No. Civ.A. 4:05CV-35-M, 2005 WL 1287415, at *2 (W.D. Ky. May 31, 2005) ("[P]recedent shows that when a local prosecutor is enforcing state law or policy, the prosecutor is acting as an agent of the state.").

### a.  <u>Damages</u>

The Court will dismiss the official capacity claims for damages against the state Defendants on two bases.  First, none of those Defendants are "persons" subject to suit within the meaning of § 1983.  *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews,* 35 F.3d at 1049 (same).  Second, all state Defendants sued in their official capacities for damages are absolutely immune from liability under the Eleventh Amendment.  *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").  Consequently, the § 1983 official capacity claims for damages against all state Defendants must be dismissed.

### b.  <u>Equitable Relief</u>

To the extent Plaintiff seeks to have the criminal charges against him dismissed, he must bring a habeas action, either by way of 28 U.S.C. § 2241 (pre-conviction) or 28 U.S.C. § 2254 (post-conviction), and only after exhaustion of available state court remedies.

In addition to dismissal of the charges against him, Plaintiff seeks various other forms of equitable relief.  He first asks this Court to enter "Judgment against the Defendants actions, and declare their actions improper and Un-Constitutional."  This request is broad and vague and fails to state a claim for relief.  The same is true of his request for entry of "a judgment ordering that it is unconstitutional for a State to demand that a citizen of the United State do business with a profit making industry."  As it is unclear how this request plays into the facts alleged by Plaintiff, the requested relief will be dismissed.

11

Plaintiff additionally asks the Court to enter a judgment (1) "ordering the Judges in Breckinridge County to disqualify themselves, to step off the case and turn the matter over to the Chief Judge of the Green River District"; and (2) "ordering the Defendant to apologize to Richard Thornton to excuse them for their abuse." In asking this Court to compel a state court judge to do something, Plaintiff is effectively seeking a writ of mandamus from this Court. Federal courts, however, "have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties," *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970), and Plaintiff has failed to demonstrate that a writ of mandamus in state court is not an available avenue of relief.

Moreover, in asking this Court to direct the state court judges to recuse and apologize and in further requesting that a judgment be entered "ordering that it is unconstitutional for a Court to give clear record person time in jail for minor traffic violations when the matter has been corrected," Plaintiff is asking this Court to interfere with a pending state court criminal action. "[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

12

Plaintiff has a pending criminal case, over which the state has an important interest in adjudicating.  Although he broadly alleges that he will not get a fair trial in Breckinridge County, Plaintiff has not articulated any reason to believe that the Kentucky state courts would not fully and fairly litigate his constitutional claims, and he still has appeal avenues available.  As he appears to be challenging a district court case, he can file an appeal to the circuit court.  If an appeal to the circuit court is unsuccessful, he still has a number of state court remedies still available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court.  In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state court proceeding.  While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time.

Lastly, Plaintiff seeks "a judgment ordering that it is unconstitutional for an official to abuse his position to promote people in the same party, or to discriminate, to be partial to people of their party, group, or affiliation; that they need to be impartial concerning politics as to the conclusions of a person or facts qualifying, and that a person is entitled to impartiality in a Court of law."  As this is a broad, conclusory, and non-specific request which is not directed at any particular Defendant, the requested relief cannot be granted and must be dismissed.

13

### III.  **CONCLUSION**

For the reasons set forth more fully above, the instant action must be dismissed in its

entirety.  The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4414.005

14